## MITCHELL v. INDIAN TERRITORY ILLUMINATING OIL CO.

No. 24660.    June 2, 1936.

Rehearing Denied Sept. 15, 1936.

Second Petition for Rehearing Denied Dec. 8, 1936.

H. P. White, for plaintiff in error.

W. P. McGinnis, Fred M. Carter, Archibald Bonds, and Donald Prentice, for defendant in error.

CORN, J. The plaintiff in error was plaintiff and the defendant in error defendant in the court below, and for the sake of brevity said parties will be referred to herein as plaintiff and defendant.

This action was originally brought in the district court of Osage county to recover certain alleged damages arising out of the development and operation of a natural gas mining lease by the defendant on 140 acres of land owned by the plaintiff.

The defendant held a gas mining lease on a vast acreage in the Osage Reservation, which included the plaintiff's land. By Act of Congress of June 28, 1906, all mineral rights were reserved to the Osage Tribe for a period of 25 years at the time the Osage lands were allotted to the individual members of the tribe, and subsequent acts have extended the trust period to April 8, 1958. The lease was duly executed by the Principal Chief on behalf of the tribe under authority of a resolution of the Tribal Council, and under authority of an act of Congress, and was duly approved by the Secretary of the Interior. The plaintiff's land was originally allotted subject to said mineral reservations, and was burdened with the lease of the defendant at the time the plaintiff acquired the title thereto.

The plaintiff sued for damages in the sum of $100 for destruction to timber; $100 for damages to the surface by reason of laying water and gas lines and hauling materials across the land, and setting a gasoline engine on the banks of a branch for pumping water; and $870 for the use of water from the branch fed by a spring on the plaintiff's land.

The parties waived a trial by jury and submitted the cause to the court upon a stipulation as to certain facts with the privilege of introducing such other material and competent evidence as the parties might desire to offer in evidence. It was also stipulated that the trial judge might view the premises and assess the damages to the timber and to the surface by reason of said operation, and it was agreed that the usable value of the water was $500, if the court should find as a matter of law that the defendant was liable for same.

The court, after viewing the premises, found and allowed damages in the sum of $20, but found and held as a matter of law that the plaintiff was not entitled to recover for the water used, and rendered judgment accordingly. The plaintiff appealed from the judgment of the court with respect to his claim against the defendant for the use of water from the premises.

The rights of the parties are determined by the terms and provisions of the lease and the rules and regulations of the Secretary of the Interior which were in force at the time the alleged cause of action arose.

Paragraph 4 of the defendant's lease, which was executed nine years before the plaintiff purchased his surface rights, among other things, provides as follows:

"Lessee shall have the right to use so much of the surface of the land and such water on the premises as may be necessary for drilling and other operations, including the right to maintain pipe lines, telephone and telegraph lines, and other appliances necessary for the operation of the wells and the transportation of gas to the consumer, also the right of ingress and egress and the rights of way to any point of mining operations, under the condition of least injury and inconvenience to the owner or occupant of the surface."

Paragraph 17 of the lease, among other things, provides:

"This lease is subject to the regulations approved August 26, 1915, and to all regu

lations which may hereafter be prescribed by the Secretary of the Interior relative to such leases, all of which are made a part of this lease."

Section 39 of the rules and regulations of the Secretary of the Interior which were in force at the time of the defendant's development involved herein is as follows:

"Oil and gas lessees may with the approval of the Superintendent use water from streams and natural water courses to the extent that same does not diminish the supply below the requirements of the surface owner from whose land the water is taken. When such water supply is located off the lease upon which the water is to be used, the oil or gas lessee may lay necessary lines across intervening lands to obtain such water. Any damage to the surface or crops resulting from laying such water lines shall be settled by arbitration as provided in section 35."

With reference to the sufficiency of the water supply for the needs and requirements of the surface owner, the court, in his findings of facts, states as follows:

"The pool of water is fed by a spring. We followed the little spring branch approximately 250 feet to where the spring begins, and right at that point and all the way down this little branch to the large hole of water, which I have described, there were small pools of water standing, ranging from a foot and a half or two feet to 15 feet in length, and seven or eight feet wide. There were only probably two or three of these larger pools. There is also a second spring coming in from a branch into this same spring branch, coming in from the east, and at a point where this branch from the east entered the general spring branch, there is a pool of water there which is plenty large for cattle to drink from, and these pools of water above the larger pool, about which complaint is made in this case, are much more accessible to the use of cattle, in the opinion of the court, than the larger pool, owing to the fact that the banks of the little stream are not so rocky and not so steep at these points as they are at the larger water hole."

The fact that the plaintiff was not a party to the lease has no bearing upon the case, as the plaintiff purchased the surface rights in the land subject to the mineral reservations and the terms and provisions of the lease, which make the rules and regulations of the Secretary of the Interior a part of the lease. Paragraph 22 of the lease provides that:

"Each and every clause and covenant of this indenture shall extend to the heirs, executors, administrators, successors and lawful assigns of the parties hereto."

The defendant has the right to stand upon the provisions of its lease regardless of change in ownership of the surface rights, and in view of the plain and unambiguous provisions of the lease, and of section 39 of the rules and regulations of the Secretary of the Interior, supra, the court below committed no error in holding that the plaintiff was not entitled to recover for the usable value of the water as a matter of law, where the use thereof did not diminish the supply below the requirements of the surface owner from whose land the water was taken.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.